

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-65,784-02 and WR-65,784-04

### EX PARTE JOHN ALLEN RUBIO, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 03-CR-457-B IN THE 138TH JUDICIAL DISTRICT COURT CAMERON COUNTY

*Per curiam*.

## O R D E R

In August 2010, the trial court appointed David A. Schulman to represent applicant

in a post-conviction writ of habeas corpus under Article 11.071.[1]  Pursuant to Article

11.071, § 4(a), applicant's application for a writ of habeas corpus was originally due in

the convicting court on or before December 27, 2011.  However, because of difficulties

---

[1]  Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

obtaining timely rulings on motions presented to the trial court, counsel failed to timely file a writ application on applicant's behalf. Instead, counsel asked this Court for more time to file under Article 11.071, § 4A. This Court reviewed the case under Article 11.071, § 4A, found that counsel had shown good cause, allowed counsel to continue, and reset the due date to 180 days after the date the order issued. This made the writ application due to be filed in the trial court on or before March 25, 2013.

Because the difficulties continued, applicant filed with this Court a second motion for an extension under Article 11.071 § 4A. This Court determined that applicant had again showed good cause and granted him 90 days to finish the investigation and file an application for a writ of habeas corpus.

When applicant presented this Court with a third request for additional time under Article 11.071 § 4A, we found that counsel failed to show good cause for the request. Consequently, we gave counsel 30 days from the date of the September 11, 2013 order to file an application in the trial court on applicant's behalf or risk a ruling of contempt. *See* Article 11.071, § 4A. This made the application due in the trial court on or before October 11, 2013.

On December 16, 2015, because it had been more than two years since the application should have been filed in the trial court, we gave the trial court 90 days to resolve any issues remaining in the case. *Ex parte Rubio*, No. WR-65,784-02 (Tex. Crim. App. Dec. 16, 2015)(not designated for publication). We also ordered the clerk to

immediately thereafter transmit the complete writ record to this Court. *Id*. However, in March 2016, when the record was due to be sent to this Court, the trial judge called this Court and stated that he needed additional time to comply with our order, and he explained that he planned to have a telephonic hearing in April 2016 to determine more precisely how much additional time he would need. In May 2016, we received a letter from the trial judge in which he indicated that he thought he would be able to finish a court order in the case by September 19, 2016. But no record has yet been received.

On September 26, 2016, the parties filed a joint motion in this Court for an extension of time in which they indicated that the issues in the case could be fully resolved by mid-December 2016. That time has now passed and no record has been forwarded to this Court. Accordingly, we order the trial court to finish its work in the case and have the clerk transmit the complete record to this Court within 30 days of the date of this order. No motions for extensions of time shall be entertained.

Furthermore, it has come to our attention that a subsequent writ has been filed in the trial court in this case. The clerk is order to immediately forward that application to this Court.

IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2017.

Do Not Publish